UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONG MINH TRAN AND
PHUONG HUYNH,

NO. CIV. S-09-3277 LKK/DAD

    Plaintiffs,

  v.

O R D E R

WASHINGTON MUTUAL BANK,
et al.,

    Defendants.
_____/

This case concerns plaintiffs' mortgage and foreclosure thereon. On December 10, 2009, defendant Quality Loan Service Corporation ("defendant" or "Quality") filed a declaration of nonmonetary status, as defined in Cal. Civ. Code § 2924*l*. On January 14, 2010, plaintiffs filed an opposition to defendant's declaration. As explained below, the court believes that Quality should not be considered a nonmonetary defendant.

Section 2924*l* of the California Civil Code provides that where "trustee under a deed of trust [who] is named in an action or

proceeding in which the deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee" it may file a declaration of nonmonetary status. Id. at § 2924*l*(a). If unopposed, "the trustee shall not be required to participate any further in the action or proceedings, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject to the action or proceeding. Id. at § 2924*l*(d). See, e.g., Kachlon v. Markowitz, 168 Cal. App. 4th 316 (Cal. Ct. App. 2008).

Here, plaintiffs did not timely file their objections, which were mistakenly labeled an opposition, to Quality's declaration of nonmonetary status. Cal. Civ. Code § 2924*l*(e). Nonetheless, the court cannot recognize nonmonetary status of a defendant without any basis that such status may be recognized in federal courts. A few federal cases discuss the application of this status in federal court. However, all of these cases concern situations where a trustee was granted nonmonetary status in state court, and then the case was removed to federal court. In these cases, the federal courts viewed the trustee as a "nominal third party." Amaro v. Option One Mortgage, Corp., 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); see also Hafiz v. Greenpoint Mortgage Funding, Inc., 2009 WL 2137423, at *2 (N.D. Cal. Jul. 16, 2009). Several federal cases have recognized the status of the nominal defendant where an

2

entity or person is in possession of fraudulently obtained property, but committed no wrongful act itself to obtain the property. S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998); S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991). In Cherif, the court described this status as "the rather obscure common law concept of the 'nominal defendant.'" 933 F.2d at 414.

It appears to this court, however, that California Civil Code § 2924*l* is a state procedural rule, and not state substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Accordingly, nonmonetary status may not be granted in federal court. Moreover, even if this court were to construe Quality's declaration of nonmonetary status as a declaration of the status of a nominal defendant, such a status is not warranted here where plaintiff objects to the declaration. Specifically, plaintiff argues that Quality is liable of wrongful conduct and thereby may be subject to damages as well as injunctive relief.

For the foregoing reasons, defendant Quality shall not be considered a nonmonetary or a nominal defendant. Accordingly, Quality is given twenty one (21) days from the issuance of this order to file a responsive pleading.

IT IS SO ORDERED.

DATED: February 11, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT