1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CONG MINH TRAN AND
     PHUONG HUYNH,
11                                    NO. CIV. S-09-3277 LKK/DAD

12        Plaintiffs,

13     v.
                                         O R D E R
14   WASHINGTON MUTUAL BANK,
     et al.,
15

16        Defendants.
                                    /
17

18        This case concerns plaintiffs' mortgage and foreclosure

19   thereon. On December 10, 2009, defendant Quality Loan Service

20   Corporation ("defendant" or "Quality") filed a declaration of

21   nonmonetary status, as defined in Cal. Civ. Code § 2924*l*. On

22   January 14, 2010, plaintiffs filed an opposition to defendant's

23   declaration.  As explained below, the court believes that Quality

24   should not be considered a nonmonetary defendant.

25        Section 2924*l* of the California Civil Code provides that where

26   "trustee under a deed of trust [who] is named in an action or

                                    1

proceeding in which the deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee" it may file a declaration of nonmonetary status. Id. at § 2924*l*(a). If unopposed, "the trustee shall not be required to participate any further in the action or proceedings, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject to the action or proceeding. Id. at § 2924*l*(d). See, e.g., Kachlon v. Markowitz, 168 Cal. App. 4th 316 (Cal. Ct. App. 2008).

Here, plaintiffs did not timely file their objections, which were mistakenly labeled an opposition, to Quality's declaration of nonmonetary status. Cal. Civ. Code § 2924*l*(e). Nonetheless, the court cannot recognize nonmonetary status of a defendant without any basis that such status may be recognized in federal courts. A few federal cases discuss the application of this status in federal court. However, all of these cases concern situations where a trustee was granted nonmonetary status in state court, and then the case was removed to federal court. In these cases, the federal courts viewed the trustee as a "nominal third party." Amaro v. Option One Mortgage, Corp., 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); see also Hafiz v. Greenpoint Mortgage Funding, Inc., 2009 WL 2137423, at *2 (N.D. Cal. Jul. 16, 2009). Several federal cases have recognized the status of the nominal defendant where an

1  entity or person is in possession of fraudulently obtained
2  property, but committed no wrongful act itself to obtain the
3  property. S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998);
4  S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991). In Cherif, the
5  court described this status as "the rather obscure common law
6  concept of the 'nominal defendant.'" 933 F.2d at 414.

7      It appears to this court, however, that California Civil Code
8  § 2924l is a state procedural rule, and not state substantive law.
9  See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Accordingly,
10 nonmonetary status may not be granted in federal court. Moreover,
11 even if this court were to construe Quality's declaration of
12 nonmonetary status as a declaration of the status of a nominal
13 defendant, such a status is not warranted here where plaintiff
14 objects to the declaration. Specifically, plaintiff argues that
15 Quality is liable of wrongful conduct and thereby may be subject
16 to damages as well as injunctive relief.

17     For the foregoing reasons, defendant Quality shall not be
18 considered a nonmonetary or a nominal defendant. Accordingly,
19 Quality is given twenty one (21) days from the issuance of this
20 order to file a responsive pleading.

21     IT IS SO ORDERED.

22     DATED:  February 11, 2010.

25     LAWRENCE K. KARLTON
       SENIOR JUDGE
26     UNITED STATES DISTRICT COURT

3