UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONG MINH TRAN AND
PHUONG HUYNH,

NO. CIV. S-09-3277 LKK/DAD

    Plaintiffs,

  v.

O R D E R

WASHINGTON MUTUAL BANK,
et al.,

    Defendants.
_____/

    On March 1, 2010, the court ordered plaintiffs' counsel to show cause for her failure to appear at the scheduled status conference and to file an opposition or statement of non-opposition to defendant JP Morgan Chase's motion to dismiss. The court also disregarded plaintiffs' late filed amended complaint in which plaintiffs no longer bring any federal claims.

    On March 8, 2010, plaintiffs' counsel accepted responsibility for the late filings and failure to appear, and sent the court a check for $250, the amount indicated in the order to show cause.

1

No good cause shown, the sanction of $250 is appropriate. However, as discussed below, plaintiffs' counsel is ordered to file an affidavit indicating that no client funds will be used to pay the sanction.

Also on March 8, 2010, plaintiffs filed a statement of non-opposition to defendant JP Morgan Chase's motion to dismiss as to the federal claims and requested dismissal without prejudice. Plaintiffs did not file an opposition or statement of non-opposition to their state law claims. Plaintiffs also filed a motion for leave to filed their first amended complaint in which they seek to bring no federal causes of action and the parties lack diversity.

For the foregoing reasons, the court orders as follows:

1. The sanction of $250, which plaintiffs' counsel claims has already been sent to the clerk of court, is appropriate. Counsel, however, is further ordered to file an affidavit which states that this sanction is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.
2. The court grants plaintiffs' motion to file an amended complaint, Doc. 30.
3. The court denies both pending motions to dismiss, Docs. 11, 26, without prejudice as moot.

////

4. Accordingly, plaintiffs no longer bring any federal claims, and therefore, this case no longer presents a federal question. This court declines to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 41(b), dismissal of the state law claims does not operate as an adjudication on the merits.

5. The clerk of the court is directed to close this case.

IT IS SO ORDERED.

DATED: March 10, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT